■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY SUTTON, Appellant. [666 NYS2d 78] —Judgment unanimously affirmed. Memorandum: Defendant was convicted following a jury trial of burglary in the third degree (Penal Law § 140.20) and petit larceny (Penal Law § 155.25) arising out of the burglary of an appliance store. In the early morning hours, before the store was opened, a resident of an apartment above the store observed a person leaving a side door carrying a microwave oven. The witness testified that he saw that person several times later in the day wearing the same clothes and identified defendant as that person. Viewing the evidence in the light most favorable to the People (*see, People v Contes*, 60 NY2d 620, 621), we conclude that the evidence is sufficient as a matter of law (*see, People v Bleakley*, 69 NY2d 490, 495). Nor is there any merit to the contention that the verdict is against the weight of the evidence (*see, People v Bleakley, supra*, at 495). Defendant's reliance on a jury note asking if "a

suspect [could] be considered guilty of burglary as a result of receiving stolen property just outside the building from someone within" is misplaced. There is no evidence to suggest that there was another individual present at the crime scene.

Defendant contends that he was denied a fair trial by various instances of prosecutorial misconduct. The conduct of the prosecutor in addressing members of the jury by name did not deny defendant due process of law (*see, People v Rubin*, 101 AD2d 71, 77; *cf., People v Creasy*, 236 NY 205, 226). Although the prosecutor should not have vouched for the credibility of the eyewitness, County Court's curative instruction that it was the function of the jury "to determine the credibility of any witness and the weight to be accorded to that witness's testimony" negated any potential prejudice to defendant (*see, People v Moore*, 242 AD2d 882). We have considered the remaining contentions of defendant and conclude that they are without merit. (Appeal from Judgment of Onondaga County Court, Brandt, J.—Burglary, 3rd Degree.) Present—Denman, P. J., Lawton, Wisner, Balio and Boehm, JJ.